ROBINS KAPLAN LLP
James P. Menton, Jr. (State Bar No. 159032)
jmenton@robinskaplan.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Telephone: 310-552-0130
Facsimile: 310-229-5800

Attorneys for MGL Realty LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>WNK FOODS, INC.<br><br>                    Debtor. | Case No. 6:24-bk-15964-MH<br><br>Chapter 11<br><br>**MGL REALTY LLC'S NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER (I) COMPELLING THE DEBTOR'S PAYMENT OF POST-PETITION RENT AND OTHER OBLIGATIONS AND (II) REQUIRING ADEQUATE PROTECTION OF MGL REALTY LLC'S INTERESTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declarations of Melik Michael Vartanian and James P. Menton, Jr. in support of the Motion concurrently filed]<br><br><u>Hearing</u><br><br>Date: January 14, 2025<br>Time: 2:00 p.m.<br>Place: U.S. Bankruptcy Court<br>        Courtroom 301<br>        3420 Twelfth Street<br>        Riverside, CA 92501 |

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY COURT JUDGE, WNK FOODS, INC. DEBTOR AND DEBTOR IN POSSESSION, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

   **PLEASE TAKE NOTICE** that, on January 14, 2025, at 2:00 p.m., or as soon thereafter

95725386.1

as the matter may be heard, in Courtroom 301 of the above-captioned Court (the "Court"), located at 3420 Twelfth Street, Riverside, California 92501, before the Honorable Mark D. Houle, landlord MGL Realty LLC ("MGL Realty"), by and though its undersigned counsel, will and hereby does move this Court for entry of an order compelling the payment of certain post-petition rent and other obligations due by debtor and debtor in possession WNK Foods, Inc. and requiring adequate protection (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Motion is made pursuant to sections 363, 365 and 503(b) of the Bankruptcy Code, Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 9013-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for Central District of California (the "Local Bankruptcy Rules") and is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declarations of Melik Michael Vartanian and James P. Menton, Jr., and upon such other evidence and argument as may be presented at or before the hearing of this Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), a written response to this Motion must be filed and served on counsel for MGL Realty and on the United States Trustee at least fourteen (14) days before the hearing on the Motion. Pursuant to Local Bankruptcy Rule 9013-1(h), failure to file and serve timely a response in accordance with the Local Bankruptcy Rules may be deemed by the Bankruptcy Court to be consent to the granting of the relief requested in the Motion.

DATED: December 20, 2024         **ROBINS KAPLAN LLP**

                                 By: /s/ James P. Menton, Jr.
                                       James P. Menton, Jr.

                                 Attorneys for MGL Realty LLC

95725386.1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

By the Motion, MGL Realty LLC ("MGL Realty"), the landlord, seeks to compel debtor WNK Foods, Inc. (the "Debtor"), the tenant, to pay MGL Realty all unpaid post-petition obligations due MGL Realty and to timely perform all future obligations under the lease.

Pursuant to section 365(d)(3) of the Bankruptcy Code, the Debtor, as tenant, must timely perform all obligations under the Lease, including payment of all post-petition rent, unless and until the Lease is rejected and the Premises (as defined below) is surrendered. The Lease has not been rejected and no motion has been filed seeking to reject the Lease in this case. Accordingly, by the Motion, MGL Realty requests that the Debtor be compelled to pay all outstanding post-petition obligations due under the Lease and timely perform all future obligations. The relief requested is appropriate in this case because, as set forth more fully below, the Debtor has failed to perform its obligations under the Lease for the months of October 2024 and November 2024 despite notice from MGL Realty of its failure to perform and since then has failed to perform its obligations under the Lease for December 2024, and will no doubt fail to perform its further obligations under the Lease before the hearing on this Motion, while MGL Realty in the meantime continues to be deprived of the use of the Premises without compensation under the Lease. MGL Realty also requests an award of its reasonable attorneys' fees and costs incurred in connection with the post-petition enforcement of its rights under the Lease.

### II.  JURISDICTION AND VENUE

The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III.  BACKGROUND

#### A.  Case Background

On October 4, 2024 (the "Petition Date"), the Debtor, debtor-in-possession, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy case (the "Bankruptcy Case"). The Debtor continues to manage and operate

3

95725386.1

1  its business as a debtor in possession. Because this is a chapter 11 case, the Debtor, as debtor-in-
2  possession, has the duties of a trustee. 11 US.C. § 1107.

3      While the Debtor has sought to reject certain unexpired leases, the Debtor has not filed a
4  motion to assume or reject the Lease (as defined below) between MGL Realty and the Debtor.

5      **B.**    **The Lease**

6      Prior to the Petition Date, as of July 6, 2018, OnPoint Development LLC, as lessor and
7  predecessor-in-interest to MGL Realty, and the Debtor, as lessee, entered an initial fifteen-year
8  *Lease* (the "Lease") for approximately 1,000 square feet of retail space (the "Premises") located
9  on real property in San Bernardino County, California commonly known as 466 Foothill Blvd.,
10 Rialto, California 92376 (the "Property"). The Lease Occupancy Date is June 2018, with the Lease
11 expiring in 2033. A true and correct copy of the Lease is attached as Exhibit A to the concurrently
12 filed Declaration of Melik Michael Vartanian (the "Vartanian Declaration").

13     The Lease requires the Debtor to currently pay the Landlord $10,250.00 in base rent (the
14 "Base Rent") per month. *See* Lease, Articles, 1.6, 2.1; Vartanian Declaration, ¶ 3. In addition, under
15 the Lease, the Debtor must also make payment of Additional Rent (the "Additional Rent"), which
16 constitutes, among other things, the Debtor's percentage share of Operating Expenses (as further
17 defined in the Lease) and Real Property Taxes (as further defined in the Lease), which percentage
18 share is one hundred percent (100%) thereof. *See* Lease, Articles 1.7, 2.2.

19     The Lease requires the Debtor to currently pay MGL Realty $2,715.75 in real property taxes
20 per month as Additional Rent based upon that certain 2024 Annual Secured Property Tax Bill (the
21 "2024 Property Tax Bill"). A true and correct copy of the 2024 Property Tax Bill is attached as
22 Exhibit B to the Vartanian Declaration. The Lease also requires the Debtor to pay MGL Realty
23 water charges as Additional Rent. *See* Lease, Article 1.7, 2.2. A true and correct copy of water bills
24 received by MGL Realty dated December 5, 2024, are attached as Exhibit C to the Vartanian
25 Declaration.

26     Each of the Base Rent and Additional Rent (collectively, the "Rent") is due on the first
27 business day of each month and is considered delinquent by the tenth day of each calendar month,
28 with any late Rent incurring a late charge of 10% of the unpaid due. *See* Lease, Articles 2.1, 2.2.

4

95725386.1

1  Late Rent shall bear interest at the rate of 5% per annum. *See* Lease, Articles 2.1, 2.2.

2  Further, the Landlord has a right to indemnification under the Lease for harm or damages caused to it by the Debtor, which damages would constitute administrative expense claims to the extent of any harm or damage occurring during the bankruptcy case. *See* Lease, Article 8.2.

Finally, the Lease also provides that if MGL Realty prevails, it is entitled to its reasonable attorneys' fees and costs. *See* Lease, Article 14.2.

### C.  The Debtor's Post-Petition Non-Payment Under the Lease

The Debtor filed for bankruptcy relief on October 4, 2024, failing to pay October Base Rent, which as noted is $10,250.00 per month. The Debtor also failed to pay October Additional Rent, consisting of real property taxes, which as noted is $2,715.75 per month.

A portion of this October Base Rent, i.e. $991.94, for the period from October 1, 2024, to October 3, 2024, is an unsecured claim, and a portion of this October Additional Rent, i.e. $215.63, for such period is also an unsecured claim. The majority of October Base Rent in the amount of $9,258.06, together with the majority of the October Additional Rent in the amount of $2,500.12, aggregating $11,758.18, relates to unpaid post-petition obligations, commonly referred to a "stub rent" (the "October Stub Rent"). The October Stub Rent remains due and owing and is entitled to payment under section 365(d)(3) of the Bankruptcy Code.

The Debtor failed to pay Base Rent and Additional Rent, consisting of real property taxes, and water charges, for the month of November 2024, when due and payable under the Lease on November 1, 2024, in the amounts of $10,250.00 (Base Rent), $2,715.81 (real property taxes) and $224.71 (water charges), for a total of $13,190.52 (the "November Rent"). The November Rent remains due and owing and is entitled to payment under section 365(d)(3) of the Bankruptcy Code.

On November 21, 2024, the Landlord sent a default notice via Federal Express overnight delivery to the Debtor for notice to pay the October Stub Rent, the November Rent, and the related unpaid 10% late charge. A true and correct copy of the default notice is attached as Exhibit D to the concurrently filed Declaration of James P. Menton, Jr. (the "Menton Declaration"). No payment or response was received from the Debtor. Vartanian Declaration, ¶ 6; Menton Declaration, ¶ 2.

The Debtor then failed to pay Base Rent and Additional Rent, consisting of real property

5

95725386.1

taxes, for the month of December 2024, when due and payable under the Lease on December 2, 2024, in the amount of $10,250.00 and $2,715.81, respectively, for a total of $12,965.81 (the "December Rent"). The December Rent remains due and owing and is entitled to payment under section 365(d)(3) of the Bankruptcy Code.

As of the date of the Motion, post-petition amounts due and owing under the Lease pursuant to section 365(d)(3) of the Bankruptcy Code include:

| Category | Amount |
|---|---|
| October Stub Base Rent | $9,258.06 |
| October Stub Additional Rent | $2,500.12 |
| November Base Rent | $10,250.00 |
| November Additional Rent | $2,940.52 |
| December Base Rent | $10,250.00 |
| December Additional Rent | $2,715.81 |
| 10% Late Charge on Rent | $3,791.45 |
| 5% Interest on Late October Rent | $152.95[1] |
| 5% Interest on Late November Rent | $115.84[2] |
| 5% Interest on Late December Rent | $58.74[3] |
| **Total** | **$42,033.49** |

The Hearing on this Motion is scheduled for January 14, 2025. Based on the foregoing, MGL Realty has reason to believe that the January Base Rent of $10,250.00 and the January Additional Rent, consisting of real property taxes, of $2,715.81 will not be paid, and thus, the Landlord also requests payment of the January Base Rent and Additional Rent (the "January Rent"), plus a 10% late charge on the January Rent of $1,296.58, for a total of $14,262.39.

---

[1] This amount is based on late October Rent at the interest rate of 5% per annum (daily rate of $1.61) from October 12, 2024, through and including January 14, 2025, the date of the Hearing on the Motion (95 days).
[2] This amount is based on late November Rent at the interest rate of 5% per annum (daily rate of $1.81) from November 12, 2024, through and including January 14, 2025 (64 days).
[3] This amount is based on late December Rent at the interest rate of 5% per annum (daily rate of $1.78) from December 13, 2024, through and including January 14, 2025 (33 days).

6

95725386.1

As noted above, MGL Realty is entitled to interest on the unpaid Rent at the rate of 5% per annum under the Lease which should also be compensated by the Debtor pursuant to section 365(d) of the Bankruptcy Code. As indicated, this interest amount is $327.53 as of the date of the Hearing on the Motion, which amount will increase daily until the Debtor's payment of the late Rent.

Further, the Landlord continues to incur attorneys' fees to protect its rights. Attorneys' fees for preparing the Motion, review of any objection filed by the Debtor, preparation of any reply and preparation of and attendance at a hearing on the Motion are estimated to be no less than $15,000, which should also be compensated by the Debtor pursuant to section 365(d)(3) of the Bankruptcy Code.[4]

Thus, by the Motion, MGL Realty seeks (i) the payment by the Debtor's estate of (a) the October Stub Rent, (b) the November Rent, (c) the December Rent, (d) the January Rent, to the extent it is unpaid, (e) the 10% late charge on the October Stub Rent, the November Rent, the December Rent and the January Rent, to the extent it is unpaid, and (f) interest at the rate of 5% per annum on any late Rent until paid (collectively, the "Post-Petition Rent Obligations"); and (ii) an award to MGL Realty of its reasonable attorneys' fees and costs incurred in connection with the post-petition enforcement of its rights under the Lease.

**IV. ARGUMENT**

    **A.** **The Debtor Is Required To Timely Pay Post-Petition Obligations Under Section 365(d)(3) Of The Bankruptcy Code**

The plain language of section 365(d)(3) the Bankruptcy Code compels the debtor in possession to timely perform all obligations under an unexpired nonresidential lease pending the decision to assume or reject. Section 365(d)(3) provides, in relevant part, that the debtor "shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3). If the debtor fails to timely perform any lease obligations that accrued during the post-petition, pre-rejection period, the lessor

---

[4] The amount of legal fees associated with the Motion is an estimate only. Further, MGL Realty has incurred other fees with protecting its rights during this Bankruptcy Case, which are not included herein.

7

95725386.1

is entitled to an administrative priority claim for the unperformed obligations. *Towers v. Chicken & Gregory* (*In re Pacific-Atlantic Trading Co.*), 27 F.3d 401, 403-405 (9th Cir. 1994); *Cukerman v. Uecker (In re Cukierman)*, 265 F.3d 846, 851 (9th Cir. 2001).

The Ninth Circuit has "interpreted § 365(d)(3) broadly, consistent with its purpose of ensuring immediate payment of lease obligations to protect landlords pending the trustee's [or debtor-in-possession's] decision to assume or reject a lease." *Temecula v. LPM Corp. (In re LPM Corp.)*, 300 F.3d 1134, 1138 (9th Cir. 2002); *see also In re The Leather Factory Inc.*, 475 B.R. 710, 712 (Bank. C.D. Cal. 2012)("[I]t is universally agreed that § 365(d)(3) was intended to alleviate the landlord's burden and risk regarding post-petition lease payments by shifting it to the trustee or debtor-in-possession . . . ."). Simply put, even if claims under section 365(d)(3) of the Bankruptcy Code exceed the reasonable value of the trustee's or debtor in possession's use of the property, the statute unequivocally "ensure[es] prompt payment for landlords." *In re Cukierman*, *supra*, 265 F.3d at 850. "The statute does not require the lessor to take any action to secure priority treatment for post-petition, pre-rejection rent. *In re Pacific-Atlantic Trading Co.*, *supra*, 27 F.3d at 405.

Numerous bankruptcy courts have followed pre-1984 practice of prorating debtor's lease obligations to cover the post-petition, pre-rejection period, regardless of billing date. This so-called "pro-ration" or "accrual" approach has been described as the rule in the "majority of courts." *In re Phar-Mor, Inc*. 290 B.R. 319, 323-324 (Bankr. N.D. Ohio 2003)("The majority of courts that have considered this general issue have followed the pre-1984 practice of prorating both a debtor's real estate tax obligations and periodic rent payments due pursuant to a lease, regardless of the billing date."); *In re Handy Andy Home Improvement Centers*, 144 F.3d 1125, 1127 (7th Cir. 1998)(applying accrual method for purposes of determining whether real property taxes payable under a lease were due and owing pre- or post-petition for purposes of section 365(b)(3)). "[A]s many courts have noted, the proration approach is relatively simple to apply, equitable and consistent with pre-amendment practice." *In re Stone Barn Manhattan LLC*, 398 B.R. 359, 366 (Bankr. S.D.N.Y. 2009).

In *TreeSource Industries, Inc. v. Miday Engineering Woods Prods (In re TreeSource Industries., Inc*.), 363 F.3d 994, 998 (9th Cir. 2004), the Ninth Circuit endorsed the pro-ration

8

95725386.1

1  approach under section 365(d)(3), opining that tax and rent obligations arise when those obligations

2  accrue, and not upon the performance of the obligations, such as a billing or payment date. *See also*

3  *In re The Leather Factory Inc.*, *supra*, 475 B.R. at 714 ("To allow 'stub rent' to be considered a

4  pre-petition unsecured claim gives a windfall to the debtor and its administrative creditors at the

5  expense of the landlord, who has no ability at that time to evict because of the automatic stay."); *In*

6  *re Stone Barn Manhattan LLC*, *supra*, 398 B.R. at 365 (debtors responsible under section 365(d)(3)

7  for post-petition stub rent measured on a daily basis). Accordingly, the Debtor is obligated to pay

8  stub rent under section 365(d)(3) of the Bankruptcy Code.

9      Because, as discussed above, section 365(d)(3) of the Bankruptcy Code requires the payment

10  of rent in the amount required by the Lease, and late charges are contemplated in Articles 2.1 and

11  2.2 of the Lease, the Debtor must make the late charge payments at the rate specified in the Lease.

12  *In re Cukierman*, 265 F.3d at 850-851.

13      In addition, MGL Realty's claim for interest on the Debtor's late Base Rent and Additional

14  Rent is entitled to administrative priority under section 365(d)(3) of the Bankruptcy Code because

15  such interest is also an obligation under Articles 2.1 and 2.2 of the Lease. *In re Cukierman*, *supra*,

16  265 F.3d at 853 (disagreeing with interest claim as administrative priority under section 363(d)(3)

17  because interest was statutory in that case, not an obligation under the lease).

18      Finally, attorneys' fees payable under a lease are subject to immediate payment under section

19  363(d)(3) of the Bankruptcy Code. *In re The Leather Factory Inc.*, *supra*, 475 B.R. 719-720

20  (landlord's attorneys' fees are entitled to payment under section 365(d)(3) of the Bankruptcy Code).

21      Further, a debtor's obligations under section 365(d)(3) of the Bankruptcy Code are

22  independent of, and not subject to, the requirements for the allowance of administrative expenses

23  pursuant to section 503(b)(1) of the Bankruptcy Code. As the Ninth Circuit stated:

24–28
> We have held that claims arising under § 365(d)(3) are entitled to administrative priority even when they may exceed the reasonable value of the debtor's actual use of the property. *See Pacific-Atlantic*, 27 F.3d at 405. We did so because the "notwithstanding section 503(b)(1)" proviso exempts the amount of the lease obligations that a trustee must timely pay under § 365(d)(3) from § 503(b)(1)'s limitation of administrative expenses to the fair market value of the debtor's use of the property. *Id*. When the trustee fails to pay an obligation, the amount accorded administrative priority is similarly not

> subject to the § 503(b)(1) limitation. *Id*. We reasoned that to hold otherwise would reward trustees for failing to perform lease obligations, a result entirely at odds with § 365(d)(3)'s purpose of ensuring prompt payment for landlords. *Id*

*In re Cukierman*, *supra*, 265 F.3d at 850; *In re Pacific-Atlantic Trading Co.*, *supra*, 27 F.3d at 405 (prior to assumption or rejection, a lessor is entitled to the rent due under the lease regardless of any benefit to the estate).

Here, MGL Realty has waited patiently in limbo for the Debtor to determine whether it intends to assume or reject the Lease. However, at this time, the Debtor has neither rejected the Lease nor filed a motion to reject the Lease and has elected instead to withhold payment of its obligations under the Lease. MGL Realty sent the default notice to the Debtor requesting payment to cure its default but the Debtor has continued to fail to satisfy its obligations under the Lease. As a result, MGL Realty has been left vulnerable to precisely the type of exposure that section 365(d)(3) of the Bankruptcy Code is meant to prevent. As the post-petition Rent and other obligations continue to accrue without payment, MGL Realty is forced to turn to this Court for relief to compel the Debtor to comply with section 365(d)(3) of the Bankruptcy Code. In doing so, MGL Realty has been forced to incur additional attorneys' fees and expenses in order to enforce its rights under the Lease.

As a result of the foregoing, this Court should compel the Debtor (i) to make full payment of all the Post-Petition Obligations; (ii) to satisfy all of its obligations under the Lease unless and until the Lease is rejected; and (iii) to pay for MGL Realty's reasonable attorneys' fees and incurred by filing and prosecuting this Motion.

### B. MGL Realty Is Entitled to Adequate Protection

Section 363(e) of the Bankruptcy Code guarantees adequate protection to any party with an interest in property used, sold or leased by a debtor during the debtor's bankruptcy proceedings who makes a request for adequate protection. Section 363(e) is straightforward and non-discretionary, providing, in relevant part: "[A]t any time, on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate

10

95725386.1

protection of such interest." 11 U.S.C. § 363(e).[5] Section 363(p) of the Bankruptcy Code places the burden of providing adequate protection on the Debtor.

A landlord undeniably holds an interest in the property that it owns and leases to a debtor, as well as an interest in the lease itself, the rents due under that lease, and the proceeds of the lease and is entitled to seek adequate protection. *See, e.g.*, *In re P.J. Clarke's Rest. Corp.*, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001) (noting that a "landlord's right to adequate protection seems to follow clearly from the language of § 363(e) of the Bankruptcy Code . . . ."); *In re RB Furniture, Inc.*, 141 B.R. 706, 713 (Bankr. C.D. Cal. 1992) ("Section 363(e) allows an entity with an interest in leased property to have the court condition such use as is 'necessary to provide adequate protection of such interest.'"). Section 361(3) of the Bankruptcy Code is clear that adequate protection *may not* take the form of a deferred administrative claim.[6] In fact, only a contemporaneous transfer of value satisfies the requirements of adequate protection.

Under these circumstances, the only appropriate form of adequate protection is immediate cash payment equal to the amount of rent and related charges accruing under the Lease, including January Rent and all charges going forward until the effective date of rejection.

## V. RESERVATION OF RIGHTS

Nothing contained herein is or shall be deemed to be a waiver of MGL Realty's right to payment and performance of all obligations owed pursuant to sections 363, 365(d)(3) and 503(b) of the Bankruptcy Code or otherwise.

## VI. CONCLUSION

For all the foregoing reasons, MGL Realty respectfully requests the entry of its Order, substantially in the form attached as Exhibit E to the Menton Declaration, (i) compelling the immediate (within three business days of entry of the order) payment to MGL Realty of all of the Post-Petition Obligations, in the amount of $56,295.88, (ii) directing the Debtor to perform all post-

---

[5] The U.S. Supreme Court has held that the term "interest" "is the most general term that can be employed to denote a right, claim, title, or legal share in something." *Russello v. U.S.*, 464 U.S. 16, 21 (1983).

[6] The plain language of section 361 of the Bankruptcy Code states that adequate protection may take one of three forms: a debtor may (i) tender an upfront cash payment or periodic cash payments, (ii) grant replacement liens, or (iii) grant other related relief (other than an administrative claim under section 503(b)(1) of the Bankruptcy Code) amounting to the indubitable equivalent of the protected party's interest in the property.

11

95725386.1

petition obligations under the Lease in a timely manner going forward unless and until the Lease is rejected; (iii) awarding to MGL Realty its reasonable attorneys' fees and costs incurred in connection with the post-petition enforcement of its rights under the Lease; and (iv) granting any such other and further relief as this Court deems just and appropriate.

DATED: December 20, 2024    **ROBINS KAPLAN LLP**

By: /s/ James P. Menton, Jr.
      James P. Menton, Jr.

Attorneys for MGL Realty LLC

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): MGL REALTY LLC'S NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER  ( I ) COMPELLING THE DEBTOR'S PAYMENT OF POST-PETITION RENT AND OTHER OBLIGATIONS AND (II) REQUIRING ADEQUATE PROTECTION OF MGL REALTY LLC'S INTERESTS; MEMORANDUM OF POINTS AND AUTHORITIES will be served or was served  (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/20/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 12/20/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/20/2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/20/2024 | Elena Zyalyukova | /s/ Elena Zyalyukova |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Abram Feuerstein on behalf of US Trustee's Office (RS): abram.s.feuerstein@usdoj.gov
Everett L Green on behalf of U.S. Trustee United States Trustee (RS): everett.l.green@usdoj.gov
Cameron C Ridley on behalf of U.S. Trustee United States Trustee (RS): Cameron.Ridley@usdoj.gov
Robert B Rosenstein on behalf of Debtor WNK Foods, Inc.: robert@thetemeculalawfirm.com; sylvia@thetemeculalawfirm.com; paul@thetemeculalawfirm.com
United States Trustee (RS): ustpregion16.rs.ecf@usdoj.gov
Barry R. Swan on behalf of Sunrock Properties, LLC: bswan@rhlaw.com
Anne C. Manalili on behalf of U.S. Attorney's Office: anne.manalili@sba.gov
Raffi Khatchadourian: raffi@hrhlaw.com
David W. Brody, Kenneth R. Shemwell on behalf of Bank of Hope: dbrody@brody-law.com; kshemwell@brody-law.com

2. **SERVED BY UNITED STATES MAIL:**

<u>Debtor</u>
WNK Foods, Inc.
31680 Serrento Drive
Murrieta, CA 92563

<u>Creditors:</u>

| | |
|---|---|
| Ascentium Capital LLC | US Small Business Administration |
| P.O. Box 202122 | 10737 Gateway West #300 |
| Florence, SC 29502-2122 | El Paso, TX 79935-4910 |
| | |
| California Department of Tax and Fee Adm | Internal Revenue Services |
| 3737 Main Street, Suite 1000 | PO Box 7346 |
| Riverside, CA 92501-3351 | Philadelphia, PA 19101-7346 |

<u>Top 20 Unsecured Creditors:</u>

| | |
|---|---|
| 170 E 40th Street, LLC | Andrew Tamayo |
| 285 W. Rialto Ave. | 850 N. Benson Ave. #67 |
| Rialto, CA 92376 | Upland, CA 91786 |
| | |
| Farmer's Insurance Group | Department of the Treasury |
| Payment Processing Center | Internal Revenue Service |
| PO Box 894731 | Ogden, UT 84201-0002 |
| Los Angeles, CA 90189 | |
| | |
| Ming & Chan Chen Family Trust | Rally's Royalty & Marketing |
| 12672 Limonite Ave., Ste. 3E #175 | 4300 W. Cypress St., Ste. 600 |
| Eastvale, CA 92880 | Tampa, FL 33607 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                               F 9013-3.1.PROOF.SERVICE

| | |
|---|---|
| Safe Holdings, LLC<br>2680 N. Santiago Blvd., Ste. 200<br>Orange, CA 92867 | Southern California Edison<br>PO Box 600<br>Rosemead, CA 91771-0001 |
| SygmaFood<br>46905 4 7th Street<br>Lancaster, CA 93536 | Ascentium Capital LLC<br>P.O. Box 202122<br>Florence, SC 29502-2122 |
| EDD<br>658 E. Brier Dr., Ste. 300<br>San Bernardino, CA 92408 | Kenia Herrera<br>531 Martin Ave.<br>Colton, CA 92324 |
| Jesus Cruz Rojas<br>2250 W. Chestnut Street #46<br>San Bernardino, CA 92410 | McLaneMBM<br>PO Box 800<br>Rocky Mount, NC 27802 |
| Rialto Pockets Properties, LLC<br>1875 Tandem Way<br>Norco, CA 92860 | Rosa Regalado<br>2387 Victoria St.<br>San Bernardino, CA 92410 |
| Southern California Gas Company<br>PO Box C<br>Monterey Park, CA 917 56 | Sunrock Properties, LLC<br>466 Foothill Blvd., Ste. 326<br>La Canada Flintridge, CA 91011 |

3.      **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR   EMAIL**

<u>Via Overnight Mail:</u>
Hon. Mark D. Houle
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 325 I Courtroom 301
Riverside, CA 92501-3819

<u>Via Email:</u>
Yaw-Jiun (Gene) Wu: gwu@lagerlof.com
Glenn D. Moses: gmoses@venable.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**